# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ARENA CARLONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-1248 |
| | ) | |
| DENNY SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

Before the Court is a Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by Petitioner, Arena Carlone, on September 25, 2008 (Doc. 1) and a supplement to the Petition filed on November 12, 2008 (Doc. 4). On March 24, 2009, Respondent filed a Response to the Petition (Doc. 10). For the reasons that follow, the Petition is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Petitioner is currently serving a 120-month term of imprisonment at the Federal Prison Camp in Pekin, Illinois (FPC Pekin). Her projected release date is November 3, 2012. Petitioner was convicted, in the United States District Court for the Southern District of Illinois, of conspiracy to manufacture, distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Petitioner raises the following claims in this action: (1) Respondent has failed to interview her in a timely manner for participation in the Residential Drug Abuse

Program (RDAP); (2) FPC Pekin has a practice of untimely determining the length of Residential Re-Entry Center (RRC) placement for RDAP graduates; and (3) Respondent should not be permitted to deny Petitioner a one-year reduction in sentence, under 18 U.S.C. § 3621(e)(2)(b), upon successful completion of RDAP.

## DISCUSSION

The Court has jurisdiction to issue the writ of habeas corpus under 28 U.S.C. § 2241 only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Samirah v. O'Connell, 335 F.3d 545, 549 (7th Cir. 2003). The exhaustion of administrative remedies is a prerequisite for habeas relief under § 2241. Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). The Bureau of Prison's administrative remedial framework is outlined in 28 C.F.R. § 542.10 et seq.

After reviewing the record in this action, the Court is not satisfied that Petitioner has exhausted administrative remedies as to her claims of timely consideration for RDAP and RRC placement. Therefore, Claims 1 and 2 are dismissed without prejudice.

Petitioner's challenge to her potential exclusion from a one-year reduction in sentence under 18 U.S.C. § 3621(e)(2)(B) is not ripe for review. Under § 3621(e)(2)(B), a prisoner convicted of a nonviolent offense becomes eligible for the discretionary one-year sentence reduction only after successfully completing a treatment program. According to the record in this action, Petitioner has not completed RDAP and is not enrolled in the program. The record indicates that

Petitioner has not yet even applied to be admitted into the program.[1]  (Appx. to Resp. at p. 20).  The issue to be decided here is, therefore, based on the hypothetical that Petitioner will be admitted into and will participate in RDAP.  Under the doctrine of ripeness, courts avoid deciding hypothetical questions.  <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation omitted).  The Court sees no good reason to deviate from the doctrine here.  Accordingly, Claim 3 is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE.

CASE TERMINATED.

ENTERED this <u>2nd</u> day of July, 2009.

                                                                          s/ Joe B. McDade  
                                                                          JOE BILLY McDADE  
                                                                  United States District Judge

---

[1] The requirements for admission into RDAP are provided in 28 C.F.R. § 550.53(b).